NOT FOR PUBLICATION                                    (Docket Entry No. 7)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                    :
THOMAS WARK,                        :
                                    :
         Plaintiff,                 :   Civil No. 05-982 (RBK)
                                    :
    v.                              :   **OPINION**
                                    :
DELAWARE RIVER & BAY                :
AUTHORITY and CAPE MAY COUNTY       :
BOARD OF CHOSEN FREEHOLDERS,        :
                                    :
         Defendants.                :
_____ :


**KUGLER**, United States District Judge:

       This matter comes before the Court upon motion by Defendants to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1), (6), and (7) for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and failure to join an indispensable party. For the reasons expressed in this opinion, this action will be dismissed for lack of subject matter jurisdiction.

       The Amended Complaint invokes 28 U.S.C. § 1332 as the basis of federal subject matter jurisdiction over this action. Section 1332 requires complete diversity of citizenship. See Strawbridge v. Curtiss, 7 U.S. 267 (1806).

       At least one of the defendants in this case is a

citizen of New Jersey for diversity purposes. (See Am. Compl. ¶ 2; Dahan Aff. ¶ 19.) In their motion to dismiss, Defendants argue that "there is some question" as to whether plaintiff Thomas Wark is a citizen of New Jersey as well:

> In the Amended Complaint, plaintiff Thomas Wark pleads that he is a citizen of the State of Florida in order to satisfy diversity of citizenship under 28 U.S.C. § 1332. While plaintiff may own a residence in the State of Florida, it appears plaintiff also owns a residence at 460 Saratoga Road, Rio Grande, County of Cape May, New Jersey. In addition, the New Jersey Division of Revenue's New Jersey Business Gateway Service Business Entity Status Report for Tomwar Corp. indicates that Thomas Wark is the registered agent for Tomwar Corp., that his address is Saratoga Road, Rio Grande, New Jersey, and that mail is deliverable to that address. Accordingly, it is quite possible that plaintiff's Florida address is merely a winter home, and that he is a citizen of New Jersey.

(Defs.' Br. 14.)

Where a jurisdictional allegation is challenged, "the burden of showing that the federal court has jurisdiction rests upon the complainants." Krasnov v. Dinan, 465 F.2d 1298, 1301 (3d Cir. 1972) (quoting Gibbs v. Buck, 307 U.S. 66, 72 (1939)). Defendants' challenge thus placed upon Wark the burden of proving, with relevant evidence, that he is a citizen of Florida rather than New Jersey. See Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp. 461 F.2d 1140, 1142-43 (3d Cir. 1972).

In response to Defendants' challenge, Wark submits only

the following argument of counsel:

> There is no question that Tom Wark, at the time of the assignment and currently, and hopefully for the remainder of his life, is a permanent citizen and resident of Florida, not New Jersey.  Tom Wark does not maintain any residence, whatsoever, in the State of New Jersey, nor has he since . . . October 2003.

(Pl.'s Opp. 7-8.)  However, "it is well settled that arguments by counsel cannot provide factual support for a trial court's findings."  In re Federal Mogul-Global, Inc., 348 F.3d 390, 406 (3d Cir. 2003).  Because Wark provides no evidence in support of his argument, he has not satisfied his burden of proving complete diversity of citizenship.  Because Wark has not satisfied his burden, this case must be dismissed for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1), 12(h)(3).

Because the issue of subject matter jurisdiction is dispositive, this Court need not reach Defendants' arguments regarding failure to state a claim and failure to join an indispensable party.  The accompanying Order shall issue today.

Dated: __August 26, 2005__          __/s/ Robert B. Kugler__
                                    ROBERT B. KUGLER
                                    United States District Judge

3